

# THE ATTORNEY GENERAL
## OF TEXAS

·AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 19, 1948

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-583

Re: The applicability of the
Texas motor fuel tax to
motor fuel purchased by
the U. S. Government and
ultimately used by the
Texas National Guard.

Dear Sir:

Your request for an opinion on the above question reads in part:

"We have requests from Texas motor fuel distributors for approval by this department of tax exempt sales of motor fuel to the United States Government for use ultimately by the Texas National Guard.

"An inquiry addressed to Lieutenant Colonel Burton E. Miles of the Texas National Guard who is also serving in the capacity of acting United States Property-Disbursing Officer, reflects that the Federal Government has in fact been purchasing the motor fuel used by the Texas National Guard under Supply Contracts of the Procurement Division, United States Treasury Department, which contracts provide for the exclusion of State taxes, but include Federal taxes. The motor fuel is paid for with U. S. Treasury checks or vouchers processed by the Fort Worth Finance Office, United States Army, Fort Worth, Texas. Lieutenant Colonel Miles stated that all of the Motor fuel purchased with Federal funds is used in Federal vehicles owned by the Federal Government and bearing War Department Registration numbers. It appears, however, that these vehicles are assigned to and used by the Texas National Guard.

"We are enclosing the letter from Lieutenant Colonel Miles explaining the transactions . . .

"We shall appreciate your advice as to whether or not the motor fuel used by the Texas National Guard is subject to the Texas tax."

Lieutenant Colonel Miles' letter discloses:

" . . . All units of the Texas National Guard are Federally recognized in the National Guard of the United States before any purchases are made . . . "

Article 7065b - 2 provides in part:

"(a) There shall be and is hereby levied and imposed (except as hereinafter provided) upon the first sale, distribution, or use of motor fuel in this State an occupational or excise tax of Four (4) cents per gallon or fractional part thereof so sold, distributed, or used in this State. Every distributor who makes a first sale or distribution of motor fuel in this State for any purpose whatsoever shall, at the time of such sale or distribution, collect the said tax from the purchaser or recipient of said motor fuel, in addition to his selling price, and shall report and pay to the State of Texas the tax so collected at the time and in the manner as hereinafter provided . . .

"(d) No tax shall be imposed upon the sale, use, or distribution of any motor fuel, the imposing of which would constitute an unlawful burden on interstate commerce and which is not subject to be taxed under the Constitution of the State of Texas and the United States. In the event this Article is in conflict with the Constitution or any law of the United States with respect to the tax levied upon the first sale, distribution, or use

of motor fuel in this State, then it is
hereby declared to be the intention of
this Article to impose the tax levied here-
in upon the first subsequent sale, distri-
bution, or use of said motor fuel which
may be subject to being taxed."

It is noted that purchases of motor fuel
are made for only those units of the Texas National
Guard that are federally recognized. Such units are
a part of the National Guard of the United States (32
U. S. C. A. Sec. 4a) which in turn is a part of the
Army of the United States (10 U. S. C. A. Sec. 2).
The United States is empowered by its Constitution to
maintain and operate its armed forces (Art. 1, Sec. 8)
of which the federally recognized units of the Texas
National Guard are a part.

Since the early case of McCulloch v. Mary-
land, 4 Wheat. 316, it has been the settled rule that
states cannot exercise the right of taxation in res-
pect to any of the instrumentalities which the govern-
ment may create for the performance of its constitu-
tional functions. It is true that the trend of our
decisions is not to extend governmental immunity from
state taxation and regulation beyond the national gov-
ernment itself and governmental functions performed by
its officers. Penn. Dairies v. Milk Control Comm. 318
U. S. 261. However, it is still the law that any law-
ful function of the federal government in the perform-
ance of which the United States acts directly is con-
stitutionally immune from State taxation, unless Con-
gress consents. U. S. v. State of New York, 140 F (2)
608, affirmed 326 U. S. 572.

Congress has not given consent to the sev-
eral states to exact a tax on motor fuel purchased by
the United States for ultimate use by units of the
Army of the United States, nor has it given its con-
sent for the states to place the tax upon the use of
such fuel by said units. We must, therefore, answer
your question in the negative.

## SUMMARY

The Texas Motor Fuel Tax (Art. 7065b,
V. C. S.) is not applicable to motor fuel
purchased by the United States Government
for use by the Federally recognized Texas
National Guard.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By       Durward M. Goolsby
              Assistant

DMG:sh:mrj

APPROVED

Price Daniel

ATTORNEY GENERAL